UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| CATHRYN V. PITTMAN, | * | CASE NO. 13-23106-REB |
| Debtor in Possession. | * | |

## PLAN OF REORGANIZATION AS MODIFIED CONTAINING ADEQUATE INFORMATION PURSUANT TO 11 U.S.C. §1125(f)(1)

***COMES NOW CATHRYN V. PITTMAN***, Debtor in Possession, and files her Chapter 11 Plan, which includes adequate information which the Court has determined meets the requirements of *11 U.S.C. §1125(f)(1)*, as follows:

### I. OVERVIEW OF PLAN

Cathryn V. Pittman proposes a reorganization plan providing for payment of claims which is in the best interest of creditors. The claims are separated into the following classes:

(1) administrative expense claims;

(2) priority ad valorem tax and fee claims;

(3) claim secured by Debtor's Residence;

(4) claims secured by commercial real estate;

(5) claims secured by personal property; and

(6) general unsecured claims.

This is a rational classification based on the similarity of claims and interests in compliance with Chapter 11.

### II. DEFINITIONS

1. <u>Plan</u> - The Debtor's Plan of Reorganization as confirmed by the Court.

2. <u>Confirmation Date</u> - The date upon which the order confirming Debtor's Plan becomes final. This should be fourteen days after entry of the order of confirmation unless an appeal is filed.

3. <u>DIP Account</u> - The Debtor in Possession operating account.

4. <u>Allowed Claim</u> - The claim of the creditor is "allowed" if it was scheduled by the Debtor as undisputed; the claim is allowed by court order; or the Debtor and creditor prior to the Confirmation Date reach agreement as to the allowance of the claim.

5. <u>Default</u> - A breach of Debtor's contractual obligation to any class of creditors under the Plan and the Debtor's failure to cure the breach within twenty (20) calendar days from the date written notice of default is provided by creditor with respect to a monetary default and within thirty (30) calendar days with respect to a non-monetary default.

6. <u>Lien</u> - A security interest in property to secure the payment of a claim.

7. <u>Secured Claim</u> - A claim secured by collateral having a value at least equal to the amount of the claim at time of bankruptcy filing pursuant to *11 U.S.C. §506(a)*.

8. <u>Pro-Rata Distribution or Payment</u> - Plan payments made to members within a class based on the amount that each claim represents as a percentage of all claims in the class. Distribution will be based on the size of the claim and not equally based on the number in each class.

9. <u>Debtor</u> - Cathryn V. Pittman, the Debtor in Possession and treated as the "Debtor" in this case.

10. <u>Adequate Information</u> - The information provided in this Plan in lieu of filing a separate Disclosure Statement if the Court determines the information is adequate pursuant to *11 U.S.C. §1125(f)(1)*.

11. <u>Administrative Expense Claim</u> - A claim under *11 U.S.C. §503* for attorneys fees, accounting fees, quarterly fees owed to the United States Trustee and any other expense incurred as an actual and necessary cost of preserving or administering the estate subsequent to the filing of this Chapter 11 case.

12. <u>Petition Date</u> - November 4, 2013.

13. <u>Effective Date</u> - The date the Plan commences which is the Confirmation Date.

14. <u>Stay</u> - The automatic stay imposed by *11 U.S.C. §362*.

15. <u>Cash Collateral</u> - Cash and cash equivalent subject to a security interest as defined in *11 U.S.C. §363(a)*.

16. <u>Final Decree</u> - The closing of the case after Debtor has completed substantial consummation of her Plan as defined at *11 U.S.C. §1101(2)*.

17. <u>State Bank</u> - State Bank and Trust Company.

18. <u>State Bank Collateral</u> - Auburn Mobile Home Park containing 129 mobile home sites and South Auburn Mobile Home Park containing 38 mobile home sites in Auburn (Barrow County), Georgia.

19. <u>BB&T</u> - Branch Banking & Trust Company.

20. <u>First American</u> - First American Bank & Trust Co.

21. <u>POC</u> - Proof of Claim.

22. <u>Residence</u> - Debtor's residence at 1716 Atlanta Highway, N.W., Auburn, Georgia.

### III. ADEQUATE INFORMATION

As this is a small business case, the Debtor is not required to file a separate Disclosure Statement if the Court determines that the Plan provides adequate information and a Disclosure Statement is not necessary pursuant to *11 U.S.C. §1125(f)(1)*. The information contained in this section is intended by the Debtor to be adequate information sufficient to allow creditors and parties in interest to make an informed decision in voting whether to accept or reject this Plan and for the Court to determine that a separate Disclosure Statement is not required.

A. <u>Voting and Confirmation</u>

A ballot with voting instructions is being distributed with this Plan. A class of claims accepts the Plan by a favorable vote of a majority in number and two-thirds in amount of allowed claims actually voting. A class that is not impaired under the Plan is conclusively presumed to accept the Plan. A class that is impaired under the Plan is entitled to vote on the Plan. In order for a Plan containing an impaired class of claims to be confirmed, at least one class of allowed claims that is impaired under the Plan must vote to accept the Plan, determined without including any acceptance of the Plan by any insider.

If a class rejects the Plan, the members of such class who voted to accept the Plan will be deprived of the benefits of the Plan if it is not confirmed. The Bankruptcy Code does not require that

every class of claims or interests vote in favor of the Plan. The Court may confirm a Chapter 11 Plan notwithstanding the rejection of the Plan by one or more classes of claims. Pursuant to *§1129(b)* of the Bankruptcy Code, the Court may confirm the Plan if it finds with respect to each non-accepting class that the Plan does not discriminate unfairly against such class, that the Plan is fair and equitable as to such class, and that the value of benefits to be distributed to the members of such class will not be less than the members of that class would receive if the Debtor's assets were liquidated under Chapter 7 of the Bankruptcy Code.

NO REPRESENTATIONS CONCERNING THE DEBTOR'S ESTATE ARE AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS PLAN. ANY REPRESENTATIONS OR INDUCEMENTS TO SECURE YOUR ACCEPTANCE WHICH ARE OTHER THAN AS CONTAINED IN THIS PLAN SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION. THE INFORMATION HEREIN CONTAINED HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT.

B. <u>Assets and Liabilities</u>

The Debtor's schedules filed on November 4, 2013 contain a detailed description of Debtor's assets, liabilities and exempt property. That is available on PACER or upon request to Debtor's counsel. The following is a summary of the assets and liabilities of the Debtor:

|   | Asset | Unappraised Value | Creditor Secured by Asset | Secured Claim | Claim of Exemption |
|---|---|---|---|---|---|
| 1. | State Bank Collateral | $1,650,000.00 | State Bank | $1,769,906.00 | 0 |
| 2. | Quail Valley Subdivision w/ 9 duplexes, Auburn, GA | $ 675,000.00 | BB&T | $ 66,381.00 | 0 |

| | | | | | |
|---|---|---|---|---|---|
| 3. | 3 duplexes in Quail Valley, Auburn, GA | $ 225,000.00 | None | None | 0 |
| 4. | 102 Quail Valley Road Auburn, GA | $ 80,000.00 | None | None | 0 |
| 5. | Rental house at 271 Carter Road, Auburn, GA | $ 110,000.00 | First American | $ 93,990.00 | 0 |
| 6. | Residence | $ 350,000.00 | Everhome Mortgage | $ 164,570.00 | $38,000.00 |
| 7. | 5 mobile homes on Hill Street, Auburn, GA | $ 300,000.00 | None | None | 0 |
| 8. | 2 mobile homes at 205 and 389 Carter Road, Auburn, GA | $ 120,000.00 | None | 0 | 0 |
| 9. | 2011 HD motorcycle | $ 16,000.00 | Eaglemark Savings Bank | $ 18,120.00 | 0 |
| 10. | 2008 Honda Accord | $ 9,000.00 | Honda Financial | $ 3,370.00 | $ 5,000.00 |
| 11. | Kubota tractor and mower | $ 12,500.00 | Kubota Credit | $ 8,765.00 | $ 1,500.00 |
| 12. | Checking accounts at C&S Bank and Regions Bank | $ 42,500.00 | None | None | $ 5,600.00 |
| 13. | Household goods and clothes | $ 17,500.00 | None | None | $ 5,000.00 |

| 14. | Jewelry | $ 10,000.00 | None | None | $ 500.00 |
| --- | --- | --- | --- | --- | --- |
| 15. | 165 mobile homes | $ 400,000.00 | None | None | 0 |
| 16. | Hudgins Homes, Inc. | $ 11,000.00 | None | None | 0 |
| 17. | Vehicles and miscellaneous equipment | $ 21,000.00 | None | None | 0 |
| 18. | Priority Tax Claims | $ 43,000.00 | Barrow County and City of Auburn | | |
| 19. | Unsecured Claims | $ 21,617.78 | Cardmember Services and US Bank | | |

Debtor's Current Monthly Income*   -   $5,795.15

Debtor's Monthly Expenses   -   $5,491.03

*Debtor receives salary of $750.00 a week from Hudgins Housing, Inc. and she and her husband receive $3,400.15 @ month in Social Security and retirement benefits. She pays Everhome Mortgage and Eaglemark Savings Bank out of her monthly income.

All rental income, which is approximately $65,000.00 a month, is received by Hudgins Housing, Inc. and the creditors listed in 1, 2, 5, 10, 11, 18 and 19 are paid by Hudgins Housing, Inc. The Hudgins Housing budget of monthly income and monthly expenses is attached to this Plan as Exhibit "A" and included in the Adequate Information.

C.   Pending Litigation

Debtor has appealed an adverse decision of the City of Auburn to the Superior Court of Barrow County. A hearing was held in late 2012 but no decision has been issued. If the Debtor is successful, the status quo will be maintained. If she is ultimately unsuccessful, she may have to move as many as 13 mobile homes and seven lots from the Auburn Mobile Home Park which could

adversely affect her future income by as much as $120,080.00 a year. As this Plan is filed prior to the conclusion of this litigation, the Plan payments take into consideration this possible loss of income.

D.   Preferences and Fraudulent Conveyances

The only creditor who received more than $6,225.00 within 90 days of the Petition Date was BB&T and it is a fully secured creditor. The Debtor made no transfers of any property for less than adequate consideration within four years of the Petition Date. There are no avoidance actions to be pursued.

E.   Tax Considerations

Hudgins Housing, Inc. is a Sub S corporation and the profit or loss passes through to the Debtor. No income taxes are owed and little or none are expected to be owed for the next several years. The Debtor will pay the ad valorem taxes for 2014 and future years as these taxes accrue and will pay the back ad valorem taxes owed over the next four years after confirmation. There are no significant tax considerations.

F.   Liquidation Analysis

Obviously, Debtor's assets exceed her liabilities and all of her creditors should be paid in full in a Chapter 7 bankruptcy. Therefore, the Plan proposes, and will make, full payment of all allowed claims, with interest. Other than State Bank, Everhome Mortgage and First American, all claims will be paid in full in not more than 4 ½ years. State Bank, Everhome Mortgage and First American will be paid in full, with interest, but it will take significantly longer to complete payments.

G.   Impaired Classes

A class is impaired if the Plan alters the legal, equitable and contractual rights to which such claim or interest entitles the holder of such claim or interest. The following classes are impaired:

2, 3, 4, 5 and 6. Class 1 is not impaired. The Debtor must obtain the vote of one of the impaired classes to obtain confirmation of the Plan.

## IV. CLASSIFICATION OF CLAIMS

The claims of Debtor's creditors are classified into six (6) classes as follows:

1. <u>Administrative Expense Claims</u> - These are claims entitled to priority pursuant to *11 U.S.C. §503(b)(1)* as an administrative expense for the actual, necessary costs and expenses of preserving the estate. At present, this class of administrative expense claims consists of the professional fees and expenses due Harris & Liken, L.L.P. (Debtor's counsel), the quarterly fees payable to the United States Trustee through date of the closing of the case and any fees and expenses owed for accounting services or other legal services performed post-petition.

2. <u>Priority Ad Valorem Tax and Fee Claims</u> - Ad valorem taxes owed Barrow County on the mobile homes and State Bank Collateral for 2011 - 2013 and ad valorem taxes and watershed fees owed City of Auburn for 2012 - 2013.

3. <u>Claim Secured by Debtor's Residence</u> - Fully secured claim owed Everhome Mortgage and secured by Debtor's Residence.

4. <u>Claims Secured by Commercial Real Estate</u> - Claims held by State Bank, BB&T and First American.

5. <u>Claims Secured by Personal Property</u> - Claims held by Eaglemark Savings Bank, Honda Financial Services Exchange, Inc. and Kubota Credit Corp., USA.

6. <u>Undisputed General Unsecured Claims</u> - The class of totally unsecured creditors consisting of Cardmember Services (Chase) and US Bank.

## V. TREATMENT OF EACH CLASS OF CLAIMS

The specific treatment of each Class is as follows:

## *CLASS 1 - ADMINISTRATIVE EXPENSES*

(A)  Professional fees and expenses owed to the Debtor's attorney (Harris & Liken, L.L.P.) will be paid after notice and hearing and Court approval as those fees and expenses are earned. Harris & Liken, L.L.P. received $15,000.00 as a retainer for representation of the Debtor at the billing rate of $350.00 an hour. Harris & Liken, L.L.P. will file a fee application prior to the entry of the Final Decree for approval of payment for all services. This claim will be paid in full prior to payment of any priority claims and general unsecured claims except as the Debtor and her attorney agree to a different treatment. Harris & Liken, L.L.P. has $11,000.00 in trust, after transferring $4,000.00 to its general account on October 29, 2013.

(B)  The quarterly fee due the United States Trustee will be paid in a timely manner as that expense becomes due through the quarter the case is closed. The administrative claim of the U.S. Trustee will be paid in full prior to payment of all priority claims and general unsecured claims.

(C)  There is no court approved accountant and the Debtor has not used and does not intend to use an accountant in this case. Debtor used the services of an attorney, John Stell, prior to filing this case and may need him post-petition. An application to employ will be filed if he is needed for post-petition work. The Court will retain jurisdiction after closing of the case to determine any administrative expense claims not awarded prior to the closing of the case.

## *CLASS 2 - PRIORITY AD VALOREM TAX AND FEE CLAIMS*

This Class consists of the Barrow County Tax Commissioner and the City of Auburn. The claims being paid are all outstanding taxes and assessments owed by the Debtor to these two entities from 2011 through 2013. The Debtor will allocate $3,000.00 a quarter to payment of the Class 2 claims beginning on the 15th day of the fourth full month after the Effective Date. The two claimants

will receive a Pro-Rata Distribution of the $3,000.00 quarterly payment for two years and then $4,131.00 quarterly for two years, or until the claims, plus 5% interest, are paid in full, whichever first occurs. If the quarterly payments for four years fail to pay the claims in full, the final payment on the fourth year anniversary date of the Effective Date will be sufficient to pay the Class 2 claims in full, plus a 5% interest accrual.

### *CLASS 3 - CLAIM SECURED BY DEBTOR'S RESIDENCE*

The debt of $164,570.00 owed to Everhome Mortgage and secured solely by Debtor's Residence is the only consumer/non-commercial debt secured by real estate owed by Debtor. The current interest rate is 3% and the monthly payment, including the escrow of real estate taxes, is $1,060.03. There will be no change with respect to Debtor's payment of this claim, except as the escrow amount may change. The principal and interest payment will be $887.42 a month until the claim is paid in full. Currently, the monthly payment is $887.42 principal and interest plus $171.46 for county and city taxes for a total monthly payment of $1,058.88. This payment will not change unless the amount needed to escrow for taxes changes. There is no modification or alteration of the payment and the terms of the promissory note and security deed between the Debtor and Everhome Mortgage ("Everbank") and Everbank will retain its first lien on the Residence and retain all other rights under its loan documents.

Debtor was current with Everhome Mortgage at Petition Date, has made each monthly payment as it became due after the Petition Date and intends to remain current until the claim is paid in full. This creditor is not impaired and is deemed to accept the Plan.

### *CLASS 4 - CLAIMS SECURED BY COMMERCIAL REAL ESTATE*

The claims of the three creditors in this class - State Bank, BB&T and First American - will be paid as follows:

| Creditor | Debt | Int. Rate | Monthly Payment | Term |
|---|---|---|---|---|
| State Bank | $1,769,906.00 | 5.0% | $ 9,965.26* | 260 months* |
| BB&T | $   66,381.00 | 3.15% | $ 1,473.70 | 48 months |
| First American | $   93,990.00 | 6.5% | $    818.75 | 180 months |

### State Bank

*(1) State Bank is deemed to have valid, perfected, and enforceable lien in real estate and rents to the same degree as described pre-petition, enforceable until claim is paid in full.

(2) Debt of $1,769,906.00 shall be an allowed claim and paid amortized over 260 months at 5% interest with a balloon at the end of 15 years.

(3) Debtor grants State Bank a blanket lien on the mobile homes located on the real property subject to State Bank's liens.

(4) Initial payments under the Plan shall be $9,965.26 per month.

(5) Payments shall increase and the debt reamortized for the balance of the 260 months as the following amounts become available for payment to State Bank as these claims are paid in full:

a. Class 4 - BB&T, $1,473.70 after 48 months;

b. Class 2 - Priority tax claims, $4,131.00 per quarter or $1,377.00/month after 48 months;

c. Class 5 - Eaglemark, $410.00 after 48 months; and

d. Class 6 - Unsecured claims, $1,750.00 per quarter or $583.00/month after 51 months.

Thus, after 51 months, the monthly payment to State Bank will be $9,965.26 + $1,473.70 + $1,377.00 + $410.00 + $583.00 = $13,808.96.

### BB&T

Should the Debtor default in payment of any sum specified herein to BB&T or fail to pay the escrow requirements for any of the loans while this case is pending, then upon written notice of

-11-

default sent by first class mail to Debtor and Debtor's attorney, and failure of the Debtor to cure said default within ten (10) days from the date of receipt of said notice, then BB&T may file a motion and affidavit with the Court, with service upon Debtor and Debtor's attorney, and the Court may enter an Order modifying the automatic stay without further notice or hearing. Should the Debtor default in payment of any sum specified herein or fail to pay the escrow requirements for any of the loans after this case is administratively closed, then upon written notice of default sent by first class mail to Debtor and Debtor's attorney, and failure of the Debtor to cure said default within ten (10) days from the date of receipt of said notice, BB&T may proceed with the exercise of its contractual and state law remedies under its Loan Documents and appropriate state statutes, including but not limited to, proceeding with non-judicial or judicial foreclosures and subsequent eviction proceedings, without further notice or hearing.

All three Class 4 Claimants will retain the Lien on the real estate securing each creditor's claim until each claim is paid in full. Upon the final payment, each Claimant will release its Lien on the property securing its claim. All other rights held by each Class 4 Claimant, other than as modified herein, will remain in full force and effect until each creditor's claim is paid in full.

## CLASS 5 - CLAIMS SECURED BY PERSONALTY

The claims of the three creditors in this class - Eaglemark Savings Bank, Honda Financial Services Exchange and Kubota Credit Corp. USA - will be paid as follows:

| Creditor | Debt | Int. Rate | Monthly Payment | Term |
|---|---|---|---|---|
| Eaglemark | $18,120.00 | 3.99% | $410.00 | 48 months |
| Honda Financial | $ 3,370.00 | 8.5% | $496.00 | 7 months |
| Kubota Credit | $ 8,765.00 | 3.00% | $377.00 | 24 months |

Once Honda Financial is paid in full, Debtor will pay the $496.00 a month to the claims of

the Class 2 creditors. This amount is included in the $3,000.00 quarterly payment to holders of Class 2 claims. Upon payment in full of Kubota Credit, Debtor will pay an additional $377.00 a month to holders of Class 2 claims. Other than as modified herein, the Class 5 Claimants will retain all contractual rights under each party's note and security agreement. Upon payment in full of each claim, each Class 5 creditor will release its Lien on the collateral securing its claim.

## *CLASS 6 - UNDISPUTED GENERAL UNSECURED CLAIMS*

The two Class 6 creditors - Cardmember Services (Chase) and US Bank - will receive a Pro Rata Distribution of $3,000.00 on the Effective Date and $1,750.00 a quarter beginning on July 1, 2014 and continuing on the first day of each quarter thereafter until the claims are paid in full, including interest of 5% per annum. The claims should be completely paid in less than 17 quarters.

## VI. **EXECUTION OF PLAN**

Administrative expenses will be paid as same are due and pursuant to order of the Court. Debtor will pay all claims pursuant to the terms set forth herein by monthly or quarterly payments. Upon payment of any sum to any Class 1 through 6 creditor after the Confirmation Date, the Debtor will have completed substantial consummation as defined by *11 U.S.C. §1101* and will file a Report of Substantial Consummation and Application for Final Decree. After the Confirmation Date and continuing after the Final Decree, the Debtor will carry out all terms of this Plan. The Bankruptcy Court shall retain exclusive jurisdiction after Confirmation. If all claims are not paid in full within 22 years of the Effective Date, the Stay will be terminated as to all creditors. It is not anticipated that Debtor will sell any assets prior to confirmation. If Debtor decides to sell any asset prior to the issuance of the Final Decree, any sale will be after notice and hearing pursuant to *11 U.S.C. §363*.

## VII. **COVENANTS OF DEBTOR**

Until completion of the Plan, Debtor covenants to:

A.  Not make any sale or other disposition of any of his assets, other than by the terms of this Plan or by Court approval.

B.  Not create, allow the creation of or permit to exist any lien or encumbrance upon any of the assets or properties except for the liens existing as of the Effective Date and the liens expressly created by the Plan.

C.  Pay all quarterly fees owed to the U.S. Trustee, file monthly reports until the case is closed and comply with all applicable state and federal laws and with the requirements of the Bankruptcy Code.

D.  Protect and maintain all collateral securing claims and execute any documents reasonably required by any secured creditors to protect its lien and claim.

E.  Make expedient distribution to all claims as provided for in the Plan.

F.  Liquidate any assets required by the Plan to be liquidated as efficiently and as expeditiously as possible and in strict compliance with all terms of the Plan.

G.  Pay all proceeds of sale to the appropriate party or parties as contemplated by this Plan and based on the priority of liens on any property liquidated within three (3) business days of sale.

H.  If there is a default of any provision of the Plan, cure any monetary default within twenty (20) days after notice and any other default within thirty (30) days of the default.

I.  Maintain adequate insurance coverage on all insurable assets owned by Debtor until completion of the Plan.

J.  Pay all monthly and quarterly payments proposed in the Plan.

K.  File a Report of Substantial Consummation once substantial consummation is achieved.

L.  Pay all or a portion of earnings from personal services performed by the Debtor after

commencement of the case or required by *11 U.S.C. §1123(a)(8)*.

M. Pay the full value of each claim of an amount not less than the full amount of each allowed claim pursuant to *11 U.S.C. §1129(a)(15)(A)*.

N. Not discriminate unfairly and treat each class of claims fairly and equitably pursuant to *11 U.S.C. §1129(b)(1)*.

## VIII. CLOSING THE CASE AND DISCHARGE

This case will be closed upon substantial consummation of the Plan and issuance of a Final Decree by the Court. The Debtor will receive a discharge of claims upon entry of the Final Decree contingent upon completion of her obligations under this Plan. The Plan is a new contract between Debtor and the creditors for payment pursuant to the terms of the Plan. The Debtor will make payments as scheduled in this Plan. Failure to pay claims pursuant to this Plan is a Default subjecting Debtor to liability and suit for collection and all other legal remedies available to the creditors holding claims treated in this Plan.

## IX. PRESERVATION AND RETENTION OF CLAIMS

The Debtor preserves all claims (legal, equitable, administrative, statutory, etc.) that existed as of November 4, 2013 or that arose post-petition. This specifically includes the litigation against the City of Auburn which was pending in the Superior Court of Barrow County, Georgia regarding the number of mobile homes and lots she could maintain and rent in the Auburn Mobile Home Park. This is an appeal of an adverse decision of the City of Auburn and she preserves and retains the legal right to pursue this litigation to conclusion and seek any other relief and damages against the City of Auburn.

This 27th day of March, 2014.

                         HARRIS & LIKEN, L.L.P.

                         /s/ Ernest V. Harris

PO Box 1586            ERNEST V. HARRIS
Athens, GA 30603      State Bar No. 329700
(706) 613-1953         Attorney for Debtor in Possession
eharris@harrisliken.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| CATHRYN V. PITTMAN, | * | CASE NO. 13-23106-REB |
| Debtor in Possession. | * | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing **PLAN OF REORGANIZATION AS MODIFIED CONTAINING ADEQUATE INFORMATION PURSUANT TO 11 U.S.C. §1125(f)(1)** by way of first-class mail, postage prepaid, addressed to all creditors and parties in interest listed on the attached matrix.

This 6th day of May, 2014.

HARRIS & LIKEN, L.L.P.

BY: /s/ ERNEST V. HARRIS
State Bar No. 329700
Attorney for Debtor in Possession

P.O. Box 1586
Athens, GA 30603
(706) 613-1953
eharris@harrisliken.com

```
Label Matrix for local noticing         (p)AMERICAN HONDA FINANCE          Barrow County Tax Commissioner
113E-2                                  P O BOX 168088                     233 E. Broad Street, Room 121
Case 13-23106-reb                       IRVING TX 75016-8088               Winder, GA 30680-2292
Northern District of Georgia
Gainesville
Thu Mar 27 15:21:43 EDT 2014

J. William Boone                        Branch Banking & Trust Company     (p)BB AND T
James Bates Brannan Groover LLP         43 South Broad Street              PO BOX 1847
Suite 1700                              Winder, GA 30680-2037              WILSON NC 27894-1847
3399 Peachtree Road
Atlanta, GA 30326-1151

Cardmember Services (Chase)             City of Auburn                     Eaglemark Savings Bank
P.O. Box 15153                          P.O. Box 1059                      P.O. Box 21750
Wilmington, DE 19886-5153               1361 Fourth Avenue                 Carson City, NV 89721-1750
                                        Auburn, GA 30011-3058

Gregory M. Eells                        EverBank                           Everhome Mortgage
Eells Law Group, LLC                    301 West Bay Street                P.O. Box 2167
Suite 181 - The Oglethorpe Bldg.        Jacksonville, Florida 32202-5180   Jacksonville, FL 32232-0004
2971 Flowers Road South
Atlanta, GA 30341-5400

Everhome Mortgage                       First American Bank & Trust Co.    GE Capital Retail Bank
P.O. Box 530579                         65 E. May Street                   c/o Recovery Management Systems Corporat
Atlanta, GA 30353-0579                  Winder, GA 30680-1913              25 SE 2nd Avenue, Suite 1120
                                                                           Miami, FL 33131-1605

Guy G. Gebhardt                         Ernest V. Harris                   Honda Financial Services Exchange, Inc.
Acting United States Trustee            Harris & Liken, L.L.P.             P.O. Box 70252
362 Richard Russell Bldg                PO Box 1586                        Philadelphia, PA 19176-0252
75 Spring Street                        Athens, GA 30603-1586
Atlanta, GA 30303-3315

Hudgins Housing, Inc.                   Internal Revenue Service           Kubota Credit Corp. USA
275-3 Carter Road                       P. O. Box 7346                     P.O. Box 559
Auburn, GA 30011-3083                   Philadelphia, PA 19101-7346        Carol Stream, IL 60132-0559

Kubota Credit Corporation               Cathryn V. Pittman                 Aimee-Marette C. Pulley
9441 LBJ Freeway, Suite 350             275-3 Carter Road                  Shapiro, Swertfeger & Hasty, LLP
Dallas, TX 75243-4652                   Auburn, GA 30011-3083              Suite 100
                                                                           2872 Woodcock Blvd.
                                                                           Atlanta, GA 30341-4015

Recovery Management Systems Corporation Delaycee Shannon Rowland           Secretary of the Treasury
25 S.E. 2nd Avenue, Suite 1120          Shapiro, Swertfeger & Hasty, LLP   15th & Pennsylvania Avenue, NW
Miami, FL 33131-1605                    Suite 100                          Washington, DC 20200
                                        2872 Woodcock Blvd.
                                        Atlanta, GA 30341-4015

(p)STATE BANK AND TRUST COMPANY         State Bank and Trust Company       State Bank and Trust Company
ATTN BANKRUPTCIES                       3399 Peachtree Road, NE            c/o James-Bates-Brannan-Groover
PO BOX 4748                             Suite 2050                         3399 Peachtree Road, NE
MACON GA 31208-4748                     Atlanta, GA 30326-2814             Suite 1700, The Buckhead Tower
                                                                           Atlanta, GA 30326-1120
```

| | | |
|---|---|---|
| U. S. Securities and Exchange Commission<br>Office of Reorganization<br>Suite 900<br>950 East Paces Ferry Road, NE<br>Atlanta, GA 30326-1382 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | David S. Weidenbaum<br>Office of the U.S. Trustee<br>362 Richard B. Russell Bldg.<br>75 Spring Street, SW<br>Atlanta, GA 30303-3330 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| American Honda Finance Corporation<br>National Bankruptcy Center<br>P.O. Box 168088<br>Irving, TX 75016-8088<br>866-716-6441 | Branch Banking & Trust Company<br>P.O. Box 819<br>Wilson, NC 27894-0819 | (d)Branch Banking and Trust Company<br>Bankruptcy Section 100-50-01-51<br>PO Box 1847<br>Wilson, NC 27894-1847 |
| State Bank and Trust Company<br>James-Bates-Brannan-Groover LLP<br>3399 Peachtree Road, NE<br>Suite 1700<br>Atlanta, GA 30326 | (d)State Bank and Trust Company<br>2380 Old Milton Parkway<br>Alpharetta, GA 30009 | (d)State Bank and Trust Company<br>J. William Boone, Esq.<br>James-Bates-Brannan-Groover-LLP<br>3399 Peachtree Road, Suite 1700<br>Atlanta, Georgia 30326 |
| US Bank<br>P.O. Box 6335<br>Fargo, ND 58125 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Branch Banking and Trust Company | (u)EVERBANK | End of Label Matrix<br>Mailable recipients    32<br>Bypassed recipients    2<br>Total    34 |